IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN T. MARGO, Administrator of :
the Estate of James Michael :
Margo, Deceased, :
        Plaintiffs :
     v. : Case No. 3:04-cv-147-KAP-KRG
BEDFORD COUNTY; PRIMECARE :
MEDICAL, INC., FRANCIS LEGATH, :
P.A., CONNIE L. SOWERS, R.N.; :
and DEPUTY WARDEN ERIC D. EASTON, :
        Defendants :

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

On March 4, 2008, the Magistrate Judge filed a Report and Recommendation, docket no. 99, recommending that the motion for summary judgment filed by defendants Bedford County and Deputy Warden Easton, docket no. 73, be granted as to the Eighth Amendment claim against Bedford County and denied as to the Eighth Amendment claim against defendant Easton; that the motion for summary judgment filed by Francis Legath as to the Eighth Amendment claim, docket no. 76, be granted; that the motion filed by defendant PrimeCare Medical as to the Eighth Amendment claim, docket no. 80, be granted; and that the motion filed by defendant Connie Sowers as to the Eighth Amendment claim, docket no. 82, be denied. The Report and Recommendation also recommended the dismissal of all the

punitive damage claims in both the Eighth Amendment and negligence causes of action.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Plaintiff filed timely objections, docket no. 101, with a brief in support, docket no. 102. I have reviewed the objections de novo. Plaintiff bases his objections on claims that the Report and Recommendation misstates the record. The plaintiff's Brief states:

> An oversight, or mistake, within the recitations given in Magistrate Pesto's report is that Legath is credited with having had Nurse Sowers report "to him" that Margo was being "manipulative" (last sentence of 2d paragraph, page 7). Legath, on the contrary, stated in his deposition (Docket 76, Exhibit B, p.79, ll 12-23, p.80 ll 22-24) that he only became aware of this "manipulative behavior" notion because it was in Margo's chart. This speculative statement of Nurse Sowers was later recanted in her deposition. ... P.A. Legath did not act or refuse to act based upon his knowing anything about so-called "manipulation" because he never saw Margo's chart. Any inference Magistrate Judge Pesto might take, as his report would seem to indicate, that Mr. Legath had somehow before Mr. Margo's death that he was "manipulated" is unfounded in the record.

docket no. 102 at 4.

Physician Assistant Legath did testify that he did not review Mr. Margo's chart until after Mr. Margo's death. Plaintiff's counsel is correct that he could not have formed an impression of manipulative behavior from that source. However, what the Report and Recommendation states, docket no. 99 at 6, is that "Legath testified that 'manipulative' is the word Sowers used in reporting Margo's symptoms to him." Physician Assistant Legath testified at

2

pages 80-81 of his deposition, see e.g. docket no. 76-3 at 22, in response to questions by plaintiff's counsel after he testified that he recalled having concerns that Mr. Margo was being manipulative and perhaps faking symptoms, and after it was established that this conclusion could not have come from a review of the medical chart:

Q. Any of the nurses tell you that [referring to manipulative behavior] when they called to talk to you about James Michael Margo?
A. I have a vague recollection that this fellow was manipulative.
Q. Who gave you that?
A. I don't know specifically. It's just documented here that he had been exhibiting manipulative behavior.
Q. I'm talking about the period of June 27th, '02 through July 5th, '02, just that specific window. Did anyone indicate to you that James Michael Margo was being manipulative in any way during that time period?
A. My recollection was that they were concerned that his behavior was somewhat manipulative.
Q. Who is they?
A. It would have to have been one of the nurses that called. It would have been either Treese or Connie Sowers.
Q. But you don't recall specifically?
A. I don't specifically.

It would have been better for the Report and Recommendation to have recited that either Nurse Sowers or Nurse Treese, not Nurse Sowers, was the source of Physician Assistant Legath's recollection. However, the point of the Report and Recommendation is that Legath's actions or inactions were based on possibly faulty data reported to him, which is evidence of negligence but not of deliberate indifference. More importantly, there is no basis for a claim that either Nurse Sowers or Nurse Treese communicated

3

information to Physician Assistant Legath that caused him to draw the contrary conclusion, that is that Mr. Margo needed to be hospitalized. Plaintiff's argument that because Physician Assistant Legath did not read "Margo is manipulative" in the medical chart he could not have any basis from a direct conversation with one of the nurses for drawing that conclusion is erroneous. If a jury disbelieves that evidence, it still does not have a basis for concluding to the contrary that Physician Assistant Legath knew of an excessive risk to Mr. Margo's health, which is necessary for a finding of liability on the Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The plaintiff's other objections are adequately addressed in the original Report and Recommendation. After de novo review of the record, the Report and Recommendation, and the objections thereto, the following order is entered:

AND NOW, this 31st day of March, 2008, it is

ORDERED that the motion for summary judgment filed by defendants Bedford County and Deputy Warden Easton, docket no. 73, is granted as to the Eighth Amendment claim against Bedford County and denied as to the Eighth Amendment claim against defendant Easton; the motion for summary judgment filed by Francis Legath as to the Eighth Amendment claim, docket no. 76, is granted; the motion filed by defendant PrimeCare Medical as to the Eighth Amendment claim, docket no. 80, is granted; the motion filed by

4

defendant Connie Sowers as to the Eighth Amendment claim, docket no. 82, is denied; and the claims for punitive damages are dismissed. The Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by ECF to counsel of record